MATTER OF GILL.

*Guardianship — accounting by guardian — items over $20 without vouchers — settlement by ward.*

The provision of the statute (2 R. S. 92, § 55) limiting the allowance of items of expenditure by executors, etc., for which no vouchers are produced, *held*, to apply to the account of a guardian, with the administrator of his deceased ward, and the rejection of items over $20 each not supported by vouchers correct.

It appeared that the ward examined the guardian's account after she came of age, and admitted its correctness, and promised to give a receipt; that she called to see the guardian, but did not find him at home, and a few days thereafter died. *Held*, not such a consummated settlement as would preclude her administrator from challenging the guardian's account.

APPEAL by James Gill from a decree of the surrogate of New York county confirming the report of an auditor upon a final accounting.

The accounting was made by appellant, who was, during her lifetime, general guardian of Catherine McGlowan, deceased, upon the petition of John McGlowan, administrator, etc., of said Catherine Sufficient facts appear in the opinion.

*W. A. Beach*, for appellant.

*John M. Robertson*, for respondent.

LAWRENCE, J. The appellant was appointed general guardian of Catharine McGlowan in the early part of the year 1868. Catherine McGlowan died in February, 1872, and at the time of her death was or claimed to be twenty-two years of age or thereabouts. The account of the guardian was referred by the surrogate of New York to an auditor who rejected and refused to allow certain items of expenditure in the account contained which exceeded $20 in amount, the same not being embraced in the vouchers presented by the guardian, appellant. On this appeal it has been urged that the rejection of the aforesaid items by the auditor was error. I do not think so. The Revised Statutes provide that a guardian can be compelled to account in the same manner as an administrator. 2 R. S., 152, § 11. By 2 R. S., 92, § 55, it is provided that on the set-

tlement of an account of an executor or administrator, he may be allowed any item of expenditure not exceeding $20, for which no voucher is produced, if such item be supported by his own oath, positively to the fact specifying when and to whom such payment was made, and if such oath be uncontradicted; but such allowance shall not in the whole exceed $500 for payments in behalf of any one estate.

The preceding section requires vouchers to be produced by the executor or administrator for all debts and legacies paid, etc. 2 R. S., 92, § 54.

The account of an executor or administrator and of a guardian stand by statute on the same footing, and I see no reason for holding that the limitation as to payments for which no vouchers are produced, does not apply to the account of a guardian as well as to the account of an administrator.

There was evidence before the auditor which showed that after coming of age, and within a few day before she died, the accounts of the guardian were shown to the ward and were examined by her, and that she admitted their correctness and expressed an intention to call and give a receipt to her guardian. It also appeared that she did afterward call at the store of the appellant, but did not find him there and that she died shortly thereafter. The auditor correctly held that there was not a consummated settlement between the ward and the appellant, and I am of the opinion that the evidence does not show such an expression of satisfaction with the appellant's account on the ward's part after coming of age as to preclude her administrator from challenging the account.

There were some objections to the auditor's report taken by the respondent's counsel which do not seem to me to be well founded. Substantial justice has, I think, been done to the administrator of the deceased. I am for affirming the order of the surrogate with costs.

*Order affirmed.*